**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Chambers of
**Jessica S. Allen**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973) 645-2580

September 11, 2026

**LETTER ORDER**

**TO: ALL COUNSEL OF RECORD**

**Re: Lvliang Lishi Linglong Electric Trade Co. LTD., *et al.*,**
**v. Junpeng Wu**
**Civil Action No. 25-4327 (ES) (JSA)**

Dear Counsel:

Before the Court is Plaintiffs' motion for the entry of default judgment against Defendant Junpeng Wu ("Wu"), pursuant to Federal Rule of Civil Procedure 55(b)(2). (*See* ECF No. 24). Wu opposes Plaintiffs' motion and cross-moves to vacate entry of default, pursuant to Federal Rule of Civil Procedure 55(c). (ECF No. 28). No oral argument was heard. *See* Fed. R. Civ. P. 78. For the reasons set forth below, and for good cause shown, Defendant's cross-motion to vacate default is **GRANTED**, and Plaintiffs' motion for the entry of default judgment is **DISMISSED AS MOOT**.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiffs filed this action on May 15, 2025, seeking a declaratory judgment that their products do not infringe United States Patent No. 11,925,592 ("the '592 patent"). (Compl. ¶¶ 49-160; ECF No. 1).

On March 9, 2026, this Court entered a Letter Order granting Plaintiffs' renewed motion for alternative service upon Defendant. (*See* ECF No. 13; *see also* ECF No. 16). On April 30, 2026, Plaintiffs filed an affidavit of service indicating that they made service by electronic mail on April 28, 2026, as ordered by the Court. (*See* ECF No. 17). Following service, Defendant did not appear or respond to the Complaint.

On June 10, 2026, Plaintiffs requested an entry of default against Wu, which the Clerk granted on June 16, 2026. (*See* ECF No. 22). On June 18, 2026, Plaintiffs filed a motion for default judgment, contending that Wu was served and had failed to timely answer, move, or otherwise respond to the Complaint. (ECF No. 24). On July 6, 2026, Defendant opposed Plaintiff's motion and cross-moved to vacate default, which included a proposed answer. (*See*

[1] The facts and procedural history are well known to the parties and set forth in prior orders. As such, the Court recites only the facts and background relevant to determine the instant motions.

ECF Nos. 28 & 28-6). In support of his cross-motion, Defendant includes a certification from his New York attorney, Jiyuan Zhang,[2] stating that he contacted Plaintiff's then-counsel on May 26, 2026, requesting an extension of time to respond to the Complaint. (*See* Zhang Cert., ¶ 3). On June 16, 2026, Attorney Zhang again contacted Plaintiffs' counsel asking them whether they intended to seek default judgement, and if so, would they instead enter into a stipulation instead to avoid motion practice. (*See* Zhang Cert., ¶ 5). The instant motions ensued.

## II. LEGAL STANDARD

The entry of default is a prerequisite to the entry of default judgment. *See Husain v. Casino Control Com'n*, 265 Fed. Appx. 130, 133 (3d Cir. 2008). Thus, where, like here, a plaintiff seeks the entry of default judgment and the party in default files a cross-motion to vacate default, courts generally resolve the cross-motion to vacate first. *See, e.g.*, *Mawalla v. Lakewood Bd. of Ed.*, 2025 WL 1260900, at *1 (D.N.J. Apr. 30, 2025); *Schenck-Faison v. City of Newark, et al*., 2024 WL 4729178, at *1, 4 (D.N.J. Nov. 8, 2024).

When a defending party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

In deciding whether to vacate entry of default for good cause, the Court must consider the following factors: "'(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions.'" *Pue v. N.J. Transit Corp.*, 2022 U.S. Dist. LEXIS 135983, at *6 (D.N.J. Aug. 1, 2022) (quoting *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 Fed. Appx. 136, 139–40 (3d Cir. 2017)). The decision to vacate entry of default remains within the Court's discretion, and "[i]n exercising that discretion, there is a strong presumption in favor of resolving cases on the merits." *Handle v. Postmaster Gen., U.S. Postal Serv.*, 806 Fed. Appx. 95, 100 (3d Cir. 2020); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984) (noting that the Third Circuit "does not favor entry of defaults or default judgments" and that "doubtful cases [must] be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits'" (citation omitted)); *Paris v. Pennsauken Sch. Dist.*, 2013 U.S. Dist. LEXIS 112280, at *10 (D.N.J. Aug. 9, 2013) ("[A] clerk's entry of [d]efault is not favored and all doubt should be resolved in favor of setting aside default and reaching a decision on the merits." (quotation marks and citations omitted)).

## III. ANALYSIS

Defendant moves to set aside the entry of default based on the good cause standard. The Court now considers the relevant factors to determine whether good cause exists.

---

[2] In opposition to Defendant's motion, Plaintiffs challenge the sufficiency of both Zhang's and Defendant's declarations. (ECF No. 29 at 2-3). To the extent these declarations suffer from any deficiencies, they are at best technical in nature. The Court finds that on their face they comply with the spirit if not the letter of 28 U.S.C. § 1746 and Local Civil Rule 7.2(a).

### A. Prejudice to Plaintiff

Consistent with Third Circuit jurisprudence, "[p]rejudice will be found only where there has been a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Itche Corp. v. G.E.S. Bakery, Inc.*, 2008 U.S. Dist. LEXIS 73023, at *3–4 (D.N.J. Sep. 23, 2008) (internal quotes omitted). Here, Plaintiffs have not proffered any loss of evidence nor have they articulated any basis to find that their ability to pursue their claim would be diminished if the default is vacated. In support of vacating default, Wu has submitted his proposed answer to the Complaint. (*See* ECF No. 28-6). The "fact that a plaintiff will have to litigate an action on the merits rather than proceed by default does not constitute prejudice." *Choice Hotels Int'l Inc. v. Pennave Assocs., Inc.*, 192 F.R.D. 171, 174 (E.D. Pa. 2000). While the Court acknowledges Plaintiffs' position that Wu has engaged in a pattern of conduct to delay the action for over a year, (*see* ECF No. 29 at 9–10), this purported conduct alone does not amount to prejudice. Finally, the Court notes that vacating default and permitting Wu to respond advances the Third Circuit's "strong preference" that cases be adjudicated on the merits. *See, e.g.*, *$55,518.05 in U.S. Currency*, 728 F.2d at 194–95 ("[T]his court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits."); *Medunic v. Lederer*, 533 F.2d 891, 893–94 (3d Cir.1976) (district court abused its discretion in denying motion to vacate default on ground that defendant failed to plead in timely fashion). Accordingly, the Court finds that this factor weighs in favor of vacating entry of default.

### B. *Prima Facie* Meritorious Defense

"The showing of a meritorious defense is accomplished when allegations of defendant's answer, if established at trial, would constitute a complete defense to the action." *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (citations omitted). "A meritorious defense can be a defense of any variety—whether a dispute of material fact[;] an affirmative defense; the contention of failure to state a claim; or lack of subject matter jurisdiction." *Mawalla*, 2025 WL 1260900, at *3 (internal quotation omitted). Only a "minimal showing" is required. *U.S. Info. Grp. v. Data Blade LLC*, 2025 WL 3640959, at *5 (D.N.J. Dec. 16, 2025). Accordingly, "[w]hen evaluating whether a defense is meritorious, the Court need not decide the validity of [the defendant's] arguments . . . [rather,] [f]or a motion to vacate an entry of default, it is sufficient that the proffered defense is not facially unmeritorious." *Mawalla*, 2025 WL 1260900, at *3 (internal quotes omitted).

Plaintiffs seek a declaratory judgement that their products do not infringe on the '592 patent. In both his motion papers and proposed answer, Wu sets forth colorable defenses that he intends to assert in response to all of Plaintiffs' claims, including that "each limitation of independent Claim 14 is embodied, either literally or in an equivalent form, in the GAME, Maiden, and Martino Products" and that the rotating handles in Maiden and Martino also satisfy Claim 15. (ECF No. 28-7 at 9, 10; 28-6). In total, Wu's proposed answer includes twelve (12) separate affirmative defenses, including that the Complaint fails to state a claim. (*See* ECF No. 28-6). Contesting Plaintiffs' allegations and supplying a proposed pleading containing facially plausible affirmative defenses meets Wu's minimal burden of showing a plausibly meritorious defense. *See, e.g.*, *U.S. Info. Grp.*, 2025 WL 3640959, at *5; *Thurston Law Offices LLC v. Rue*, 2025 WL 2603452, at *2 (D.N.J. Sept. 9, 2025). Accordingly, the Court finds that Wu has, for purposes of this motion to vacate, established a *prima facie* meritorious defense. As a result, the Court finds

that this factor weighs in favor of vacating entry of default.

### C. Culpable Conduct

Culpable conduct is considered "willful or bad faith conduct or deliberate trial strategy." *Dambach v. United States*, 211 Fed. Appx. 105, 109–10 (3d Cir. 2006). "A showing of mere negligence is insufficient to establish culpable conduct." *Quezada v. New Jersey Dep't of Children & Families*, 2022 U.S. Dist. LEXIS 81632, at *8 (D.N.J. May 5, 2022) (citing *Mrs. Ressler's Food Prods.*, 675 Fed. Appx. at 142). Based on the record presented and for the reasons explained by Wu in his motion papers, Defendant's conduct does not amount to culpable conduct. First, it appears undisputed that Wu's answer was due on May 19, 2026, and that he filed his proposed answer as part of his motion filed on July 7, 2026. Defendant argues that he was in fact diligent as demonstrated by his attorney's outreach to Plaintiff's then-counsel on May 26, 2026, requesting an extension of time. (*See* Zhang Cert., ¶ 3). Defendant also asserts that he was further delayed by his need to find New Jersey Counsel (*see* Zhang Cert., ¶ 6, 7). *See Paris v. Pennsauken Sch. Dist.*, 2013 U.S. Dist. LEXIS 112280, at *15-17 (D.N.J. Aug. 9, 2013) (noting that courts have "recognized that a delay due to a defendant's efforts to retain counsel do[es] not amount to culpable conduct" (citation omitted)). Considering the facts of this case, a six-week delay, even if not excusable, does not constitute the level of bad faith required to deny a motion to vacate default. *See Emcasco Ins. Co v. Sambrick,* 834 F.2d 71, 75 (3d Cir. 1987). Accordingly, the Court finds that this factor also weighs in favor of vacating entry of default.

Finally, the Court notes that the parties do not meaningfully brief the fourth Rule 55(c) factor, which is the effectiveness of alternative sanctions. However, "[b]ecause the first three factors warrant setting aside the entry of default, this Court need not consider the imposition of alternative sanctions." *Quezada*, 2022 U.S. Dist. LEXIS 81632, at *9 n.6.

## IV. CONCLUSION

For the reasons set forth above, Wu's cross-motion to vacate default, (ECF No. 28), is **GRANTED**, and thus Plaintiff's motion for the entry of default judgment, (ECF No. 24), is **DISMISSED AS MOOT**.[3]

The Clerk of the Court is requested to vacate the entry of default against Wu and terminate the motions appearing at ECF Nos. 24 and 28. Wu shall file his answer to the Complaint, consistent with the proposed pleading appearing at ECF No. 28-6, **on or before September 14, 2026**. The Court will issue a separate order scheduling an Initial Scheduling Conference.

**SO ORDERED.**

**s/Jessica S. Allen**
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

cc: Hon. Esther Salas, U.S.D.J.

[3] *See Landron v. Pina*, 2024 WL 1585119, at *3 (D.N.J. Apr. 11, 2024) (granting motion to vacate default and finding that motion for default judgment was "moot.").